**Ex parte Richard Clay CARNES.**

**No. 60648.**

Court of Criminal Appeals of Texas, Panel No. 2.

April 11, 1979.

**250**

Richard E. Wetzel, Rosharon, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

ROBERTS, Judge.

This is a post-conviction application for writ of habeas corpus. We have a bare transcript before us. The petition alleges that the applicant (1) was a juvenile, (2) who was certified as an adult, and (3) was not afforded an examining trial before being prosecuted for aggravated rape. The State made no reply. Because the State admitted none of the matters which were alleged, they are deemed denied. V.A.C. C.P., Article 11.07, Section 2(b). Thus they are controverted. There is no proof of these matters in the record. The trial court took no action for more than 20 days, which constitutes a finding that there are no controverted, previously unresolved facts material to the legality of the applicant's confinement. V.A.C.C.P., Article 11.07, Section 2(c). This finding obviously is an abuse of discretion, because all the controverted allegations of fact mentioned above are material, and there is nothing in the record (neither a statement of facts from an evidentiary hearing nor any findings of fact) to show that they have been resolved.

"To resolve those issues the [convicting] court may order affidavits, depositions, interrogatories, and hearings, as well as using personal recollection." V.A.C.C.P., Article 11.07, Section 2(d). In some cases the court can make findings of fact without a hearing. *Ex parte Davila*, 530 S.W.2d 543 (Tex. Cr.App.1975). But we must have findings of fact (V.A.C.C.P., Article 11.07, Section 2(d)), at the least.

The cause is remanded to the district court with directions to make findings of fact on the controverted, previously unresolved facts which are material to the legality of the applicant's confinement.